Matthew J. Wojciechowski and Virginia R. Wojciechowski v. Commissioner.
Wojciechowski v. Commissioner
Docket No. 1134-64.
United States Tax Court
T.C. Memo 1965-135; 1965 Tax Ct. Memo LEXIS 194; 24 T.C.M. (CCH) 726; T.C.M. (RIA) 65135; May 21, 1965
*194 Matthew J. Wojciechowski, pro se. Stanton P. Sornson, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner determined a deficiency of $18,698.97 in the income tax of the petitioners for 1954. The only issue presented is the correctness of the respondent's determination of the fair market value of certain real property on the date of the petitioners' acquisition thereof in 1954. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioners, husband and wife and residents of Milwaukee, Wisconsin, filed their joint Federal income tax return for 1954 with the district director in that city. As hereinafter used the word "petitioner" has reference to Matthew Wojciechowski unless otherwise indicated. During 1954 petitioner was the sole stockholder, a director, and president of Superior Welding Company, a corporation having its office and place of business in Milwaukee. Virginia was secretary, treasurer, and a director of Superior. On July 13, 1951, Superior purchased, on land contract, the premises known as 4220 South 13th Street in what is now a part of Milwaukee. The contract *195 purchase price was $131,500, payable $25,000 down, and the balance in monthly installments of not less than $1,000 beginning August 1, 1951, with interest at the rate of 4 1/2 percent per annum payable semiannually on balances as of January 1 and July 1 of each year. The premises at 4220 South 13th Street when purchased by Superior consisted of a lot with a frontage of 240 feet on South 13th Street and a depth of 410 feet. At that time the lot was improved by a one-story warehouse type of building, 100 feet in width and 160 feet in length, of brick construction with a concrete floor. Construction of the building was approximately 90 percent completed. After the purchase of the premises Superior completed the above-mentioned building at a cost not disclosed by the record. Superior also constructed an addition to the building 25 feet wide and 110 feet long in an undisclosed year and at an undisclosed cost. In September 1951 and at a cost of $24,702.31, Superior constructed another addition to the building which was approximately 40 feet by 40 feet for use as additional office facilities. Each of the additions was of brick construction with a concrete floor. Superior completed the construction *196 of the building with the additions thereto for use as a steel fabricating plant. When Superior purchased the premises at 4220 South 13th Street on land contract, there was a crane inside the unfinished building. The petitioners caused the contract purchase price of the premises, $131,500, to be allocated on the corporate records of Superior as follows: Land
$ 9,000
Factory building
72,000
Crane
50,500
$131,500
Aside from the foregoing allocation there is nothing in the record to indicate that the crane constituted any portion of the subject matter of the land contract, or that any portion of the contract purchase price was allocable thereto. Nor is there anything in the record indicating the capacity, age, condition, or value of the crane at the time the premises were purchased. In the early part of 1954 Superior sought a mortgage loan of $120,000 from St. Francis Building and Loan Association, sometimes hereinafter referred to as Building Association, Milwaukee, Wisconsin, which loan was made upon approval of the application of the petitioner for the mortgage loan. The loan was made only upon the personal credit of the petitioner evidenced by his primary *197 liability on the note evidencing the loan. To secure repayment, a mortgage on the 4220 South 13th Street premises of Superior and on other property which was owned by petitioner was executed by Superior and by petitioner personally. After the proceeds of the loan were obtained, the land contract entered into by Superior on July 13th, 1951, for the premises at 4220 South 13th Street was paid in full and on Monday, March 1, 1954, the vendor thereunder by warranty deed transferred legal title to the property covered to Superior. On the Wednesday following, March 3, 1954, Superior by its quitclaim deed transferred title to the 4220 South 13th Street premises, which at that time were in good condition, to petitioners and, on the same date, petitioners mortgaged that property, together with other property owned by them, to Building Association, the lender of the $120,000 above mentioned, to secure the same loan. All of the abovementioned instruments, except the original mortgage, were recorded on March 6, 1954. Commencing in March 1954 and through December 1954, Superior rented the premises at 4220 South 13th Street from the petitioners and made monthly rental payments to the petitioners *198 totaling $14,950 which were recorded as rental expense in Superior's records of account. During the period March 1954 through December 1954, the petitioners paid all of the expenses on the property, including the monthly mortgage payments totaling $14,700 to Building Association. In determining the deficiency involved herein the respondent determined that the transaction in which Superior on March 3, 1954, conveyed to petitioners the premises at 4220 South 13th Street (land and building), was a sale of the premises to petitioners for $120,000, that the fair market value of the premises on that date was $175,000 thereby resulting in a dividend distribution of $55,000, that the excess of such distribution over Superior's accumulated earnings and profits available for distribution was $4,416.68, which constituted a return of capital in that amount to petitioners, that petitioners were entitled to a dividend exclusion of $50, and that accordingly the remaining amount of the distribution, $50,533.32, was income to petitioners taxable as a dividend. Opinion The respondent has determined that the fair market value of the premises (land and building) comprising 4220 South 13th Street *199 when conveyed to petitioners on March 3, 1954, was $175,000. That determination is presumed to be correct and the burden was upon petitioners to show that it was erroneous. From a consideration of the allegations contained in the petition in connection with statements made by petitioner at the hearing herein, it appears that the position of the petitioners is that the fair market value of the premises on March 3, 1954, was not in excess of $110,000. In our view that position is not sustained by the record. The evidence includes as an exhibit an application for a mortgage loan of $120,000 on the premises in issue dated February 1, 1954, signed by petitioner, and filed with Building Association. Of the various questions contained in the application for which answers were requested was one asking for the estimated total value of the premises and there was another asking for the amount of insurance on the building. As executed, the application shows "$200,000.00 Actual Cost" as the estimated total value of the premises and "$175,000.00 Est." as the amount of insurance on the building. The application also contains the appraisal of the property by the appraisal committee for Building *200 Association dated February 4, 1954, which shows a total valuation of $192,700 for the premises, or $7,300 less than the estimated total value of $200,000 shown in the application signed by petitioner. The evidence shows that the appraisal committee for Building Association was composed of qualified and experienced appraisers. The petitioners have not attempted to reconcile the petitioners' valuation of the premises at $200,000 on February 1, 1954, or the valuation of $192,700 placed on the premises 3 days later by the appraisal committee for Building Association with their position that the fair market value of the premises approximately 1 month later was not in excess of $110,000. Nor are we able to make such a reconciliation on the basis of the record presented. From a consideration of the record in connection with what has been said above, we are unable to find that the premises in issue had any lesser fair market value on March 3, 1954, than that determined by respondent. Accordingly the respondent's determination is sustained. Decision will be entered for the respondent.